ENNIS BROWN,  Case No. 16-CV-1497-PP

    Petitioner,

v.

BRIAN FOSTER,

    Respondent.

**ORDER SCREENING §2254 *HABEAS CORPUS* PETITION (DKT. NO. 1) AND ORDERING THE RESPONDENT TO ANSWER OR OTHERWISE RESPOND**

Ennis Brown, who is proceeding without a lawyer, filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Dkt. No. 1. He has paid the $5.00 filing fee. The case now is before the court for screening pursuant to Rule 4 of the Rules Governing §2254 Proceedings.

**I.    BACKGROUND**

In Milwaukee County Circuit Court, the petitioner was convicted of multiple sexual-related crimes. Dkt. No. 1 at 2. The petitioner alleges that he presented the issues raised in his petition to the Wisconsin state courts. Id. at 3, 4, 5. It appears that he received no relief from the Wisconsin trial or appellate courts, and the petitioner alleges that the Wisconsin Supreme Court denied his petition for review. Id. at 3. While the Wisconsin courts were reviewing his appeals, he filed a petition for *habeas* relief in federal court. Brown v. Pollard, Case #14-CV-872, Dkt. No. 1. Because his state appeals were pending at the time he filed the *habeas* petition, Judge Clevert denied the

1

petition without prejudice, indicating that the petitioner could re-file once he'd exhausted his remedies in state court. Id. at dkt. no. 33. This current petition is the post-exhaustion petition.[1] Dkt. No. 1.

The petitioner alleges that he was convicted and sentenced in violation of his federal constitutional rights under the Fourth and Sixth Amendments, and he alleges four grounds for the petition. He alleges that he was arrested without a warrant, in violation of the Fourth Amendment's due process protections. Id. at 8. He alleges that state failed to charge him or bring him before a judicial officer within forty-eight hours, and denied him a speedy trial. Id. at 12-25. As part of that ground, he also alleges that he was denied his right to open and public proceedings. Id. Finally, he alleges that he was denied effective assistance of counsel under the Sixth Amendment. Id. at 26-31. Finally, he alleges a "miscarriage of justice," summarizing the claims in the prior three grounds.

## II. THE PETITIONER MAY PROCEED ON SOME OF THE CLAIMS IN HIS PETITION.

The court now will review, or "screen" the petition. Rule 4 of the Rules Governing §2254 Proceedings states:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

---

[1] This 2016 petition technically constitutes the first petition. See Slack v. McDaniel, 529 U.S. 473, 486 (2000) (petition filed after prior petition was dismissed for failure to exhaust state remedies is not a "successive" petition).

2

A court must allow a *habeas* petition to proceed unless it is clear to the court that the petitioner is not entitled to relief in the district court.

At the screening stage, the court expresses no view on the merits of any of the petitioner's claims. The court reviews the petition only to determine whether the petitioner has stated claims of a type that are generally cognizable on *habeas* review. The petitioner's Sixth Amendment speedy trial and ineffective assistance/denial of counsel claims generally are cognizable on *habeas* review. The court will allow the petitioner to proceed on those two claims.

The petitioner's Fourth Amendment *habeas* claim regarding unlawful detention and arrest generally is barred in a federal *habeas* case. The Supreme Court held in Stone v. Powell, 428 U.S. 465, 495 (1976) that if a criminal defendant had a full and fair opportunity to litigate a Fourth Amendment claim during his criminal trial, a federal court may not grant him *habeas* relief "on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." It is not clear to the court whether the petitioner tried to litigate his Fourth Amendment unlawful arrest/detention claim in his state criminal trial, or whether he had a full and fair opportunity to do so. Therefore, even though such claims usually are barred on *habeas* review, the court will, at this early stage, allow the petitioner to proceed on his Fourth Amendment claims.

The court will not, however, allow the petitioner to proceed on his "miscarriage of justice" claim (the fourth ground he raises). The "miscarriage of justice" claim is not a substantive constitutional claim that a party can raised in a *habeas* petition. Rather, "miscarriage of justice" is a defense that sometimes may apply when a petitioner has failed to exhaust his remedies on some other substantive claim. If a petitioner fails to exhaust state court remedies on a substantive claim, he may be able to overcome that failure if he can prove that there would be a "miscarriage of justice" if the court failed to grant the petition. Usually the petitioner has to demonstrate, through evidence, actual innocence to overcome such a failure. Because "miscarriage of justice" is not a substantive claim that a petitioner may prosecute, the court will not allow the petitioner to proceed on his fourth claim.

## III. CONCLUSION

The court **ORDERS** that the petitioner may proceed on the first three (3) grounds identified in his petition—his Fourth Amendment unlawful seizure/detention claim, his Sixth Amendment speedy trial claim, and his Sixth Amendment ineffective assistance/denial of counsel claim.

The court **ORDERS** that within **sixty (60)** days of the date of this order, the respondent shall **ANSWER OR OTHERWISE RESPOND** to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

4

(1) the petitioner has **forty-five (45) days** after the respondent files his answer to file his brief in support of his petition;

(2) the respondent has **forty-five (45) days** after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has **thirty (30) days** after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within **forty-five (45) days** of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within **thirty (30) days** of the date the petitioner files the opposition brief.

Pursuant to Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed **thirty (30)** pages, and reply briefs may not exceed **fifteen (15)** pages, not counting any statements of facts, exhibits and affidavits.

Dated in Milwaukee, Wisconsin this 9th day of January, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

5

Case 2:16-cv-01497-PP   Filed 01/09/17   Page 5 of 5   Document 9