UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ENNIS BROWN,

      Petitioner,

v.

BRIAN FOSTER,

      Respondent.

Case No. 16-cv-1497-PP

**ORDER GRANTING PETITIONER'S MOTION TO AMEND THE PETITION (DKT. NO. 15), DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL (DKT. NO. 16), GRANTING MOTION TO CLARIFY SCREENING ORDER (DKT. NO. 17), AND DENYING MOTIONS TO RELEASE PETITION PENDING 2254 RELIEF (DKT. NOS. 21, 22).**

On November 8, 2016, Petitioner Ennis Brown filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Dkt. No. 1. He alleged that he was convicted and sentenced in violation of the Fourth and Sixth Amendments. Id. On January 9, 2017, the court screened his petition and ordered the respondent to file an answer within sixty days of the order. Dkt. No. 9. The Wisconsin Department of Justice accepted service on January 11, 2017. Dkt. No. 10. There now are several motions pending.

The petitioner has filed: a motion to amend his petition, Dkt. No. 15; a motion to appoint counsel, Dkt. No. 16; and two motions asking the court to release him from custody pending its ruling on his *habeas* petition, Dkt. Nos. 21, 22. The respondent has filed: filed a motion to clarify the screening order, Dkt. No. 17; and a brief in opposition to the petition, Dkt. No. 24.

1

## A. MOTION TO AMEND PETITION

In the screening order, the court allowed the petitioner's Fourth Amendment illegal arrest and detention claim to proceed, but it warned the petitioner that unless he could show that he had tried to litigate these claims in state court (or lacked the full and fair opportunity to do so), those claims likely were barred. Dkt. No. 9 at 3. The court also allowed the petitioner's Sixth Amendment ineffective assistance of counsel and speedy trial claims to proceed. Id. at 2. The court did not allow the petitioner to proceed on his claim of miscarriage of justice. Id.

On February 2, 2017, the petitioner filed a motion to amend the petition (dated February 1, 2017). Dkt. No. 15. He attached a proposed amended petition to the motion. Dkt. No. 15-1. Although the petitioner stated that he was adding five new grounds to the amended petition, dkt. no. 15 at 1, the court can find only two new claims: an Eighth Amendment double jeopardy claim, dkt. no. 15-1 at 40, and a Fourteenth Amendment insufficient evidence claim, id. at 46. The remaining "grounds" really are supplemental to the arguments that the petitioner made in the original petition—presumably to address the issues raised in the court's screening order. The petitioner's prosecutorial misconduct claim augments his Sixth Amendment ineffective assistance claim. Id. at 32. The absence of jurisdiction claim augments the petitioner's Fourth Amendment illegal detention claim. Id. at 40. The abuse of discretion claim augments the speedy trial violation claim. Id. at 41.

A petitioner may amend his complaint under 28 U.S.C. §2242, which provides that a petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Federal Rule of Civil Procedure 15(a) allows amendments to pleadings as a matter of course if the party files them within twenty-one days of service of the original complaint. If the party files the amendment outside of that twenty-one-day period, "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." This court may deny leave to file an amended pleading in the event of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Bausch v. Stryker Corp., 630 F.3d 546, 562 (7th Cir. 2010) (quoting Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 499 F.3d 663, 666 (7th Cir. 2007)(quoting Foman v. Davis, 371 U.S. 178, 182 (1962))). While a court may deny a motion for leave to file an amended complaint, courts don't favor denials. Id.

The service date of the original petition was January 11, 2017. Dkt. No. 10. The petitioner didn't need the court's permission to file his amended complaint if he filed by February 1, 2017. See Fed. R. Civ. P. 15(a). The petitioner dated his motion February 1, 2017; the court received it on February 2, 2017. Dkt. No. 15.

The Seventh Circuit has adopted the mailbox rule—a rule that deems a document "filed" on the date it was put in the mail—for *habeas* petitioners,

when the question is whether the prisoner's suit is barred by the statute of limitations. Jones v. Bertrand, 171 F.3d 499, 502 (7th Cir. 1999) ("We join the overwhelming authority that the *Houston* mailbox rule should be extended to prisoners filing *pro se* habeas petitions, and, for statute of limitations purposes, a petition is deemed filed when given to the proper prison authorities and not when received by the district court clerk.") The court has reached a similar conclusion with regard to whether a prisoner has met a filing deadline. In Taylor v. Brown, 787 F.3d 851 (7th Cir. 2015), the court stated:

> We have not yet had occasion to apply the prison mailbox rule to documents that are e-filed by prison staff rather than sent through the prison mailroom. However, pro se prisoners are no more able to guarantee that properly tendered documents are e-filed than that they're mailed. Accordingly, we conclude that a pro se prisoner's legal documents are considered filed on the date that they're tendered to prison staff in accordance with reasonable prison policies, regardless of whether they are ultimately mailed or uploaded.

Id. at 859.

The court does not know when the petitioner gave his amended complaint to prison staff. But given that he dated his pleading the day before the court received it, it would not be surprising if he'd given the document to institution staff the day he signed it, and staff e-mailed it the next day. If that is what happened, then the petitioner does not need the court's permission to amend his complaint.

Even if the court concluded that the petitioner filed his amended pleading more than twenty-one days after the original complaint, however, the court still would allow the petitioner to amend his complaint. It appears that

4

this court's screening order is what motivated the petitioner to file an amended complaint. There is no indication that he filed the amended complaint in order to delay proceedings or to harass the opposing party. The new claims that he raises involve facts and circumstances he already had raised in the initial petition. This means that the amended petition relates back to the initial petition, avoiding any potential statute of limitations issues. Mayle v. Felix, 545 U.S. 644, 664, 125 S. Ct. 2562, 2574, 162 L. Ed. 2d 582 (2005) ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."); Tucker v. Kingston, 538 F.3d 732, 734 (7th Cir. 2008) ("It seems unlikely that all of the claims raised in the second petition would be untimely. At least two of the "new" claims are almost identical to claims he raised in the first petition (admissibility of statements to police and the voluntariness of the plea), so it appears at least those two claims are 'tied to a common core of operative facts'-indeed the same facts-as their counterparts in the first petition.") The court will grant the petitioner's motion to amend.

**B. MOTION TO APPOINT COUNSEL**

The petitioner requests appointment of counsel, indicating that he cannot afford to pay an attorney. Dkt. No. 16 at 1. He further explains that he contacted nine attorneys, all of whom declined to take his case. Id.; Dkt. No. 16-1. The petitioner states that he has limited legal knowledge, and limited access to the courts due to his incarceration. Id. The court will deny the motion to appoint counsel.

Civil litigants do not have a constitutional or statutory right to appointed counsel, but the court has the discretion to request lawyers to represent indigent litigants in appropriate cases under 28 U.S.C. §1915(e)(1). Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007) (*en banc*); Lutrrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, a litigant must make a reasonable attempt to obtain a lawyer on her own. Pruitt, 503 F.3d at 654-55; Zarnes, 64 F.3d at 288. After a litigant has tried to find a lawyer and has been unsuccessful, or shows that he was effectively prevented from trying to find a lawyer, the court must decide the next question: is the case so complicated, both factually and legally, that the litigant does not appear able to handle the case himself? Pruitt, 503 F.3d at 654 (citing Farmer v. Hass, 990 F.2d 319, 322 (7th Cir. 1993)). The court cannot appoint a lawyer for every person who asks, because the court's resources are limited. That is why the court requires a litigant representing himself to explain why his particular case is so difficult or complex that he cannot present it on his own.

As to the first Pruitt factor: The Seventh Circuit has not clearly defined the phrase "reasonable attempt to obtain counsel," but it has affirmed one court's requirement that the litigant provide the names and addresses of at least three attorneys that the litigant contacted and who turned him down. Romanelli v. Suilene, 615 F.3d 847, 852 (7th Cir. 2010). The petitioner states that he has contacted nine attorneys, and he attaches letters from these

attorneys as proof. Dkt. No. 16-1. The petitioner has met this first Pruitt requirement.

The court must now consider the second Pruitt factor: whether this case is so factually or legally complicated that the petitioner is not able to present it himself. In Proceeding without representation in federal court is a difficult battle. The court understands that many people would have trouble presenting legal theories without counsel. But the Pruitt test requires the court to determine (1) whether the petitioner's particular *habeas* case is more complex than similar petitions, and (2) whether the petitioner's competency level seems below that of other petitioners who litigate such claims *pro se.* See Jackson v. Kotter, 541 F.3d 688, 700 (7th Cir. 2008) (As part of its exercise in discretion, the district court was required to consider both "the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself") (citing Pruitt, 503 F.3d at 655).

The petitioner's motion does not provide the court with any reason to conclude that he will have more difficulty presenting his *habeas* petition than the average *pro se* petitioner. The petitioner's motion to amend his petition clearly explained his reason for filing the motion and provided relevant law in support. The court does not find that this particular *habeas* case is any more difficult than a typical case, and most *habeas* cases are filed by people who are representing themselves. If things change—if the case reaches a point where the court thinks that it has become too complicated for the petitioner to pursue

on his own—the court may reconsider this ruling. At this point, however, the court will deny the motion to appoint counsel without prejudice.

**C.     MOTION TO CLARIFY SCREENING ORDER**

When the court issued the order screening the amended petition, it ordered the respondent to answer within sixty days of January 9, 2017. Dkt. No. 9 at 4-5. The petitioner filed his amended complaint on February 2, 2017. Dkt. No. 15. As of March 2, 2017, the court had not screened the amended complaint. Faced with both an original and amended complaint, along with an order requiring him to respond by a certain date, the respondent filed a motion, asking the court to clarify which petition (the original or the amended) the court wanted him to answer. Dkt. No. 17 at 4. The court did not rule on that motion before the sixty-day deadline for answering the original complaint; accordingly, on March 9, 2017, the respondent filed an answer addressing the original complaint. Dkt. No. 19 at 1. In the event that the court granted the motion to amend, the respondent requested permission to amend his answer. Id. Because, as explained above, the court is granting the motion to amend, the court will set a new briefing schedule allowing the respondent additional time to amend his answer.

**D.     MOTION FOR RELEASE PENDING 2254 RELIEF**

In his two motions for release pending 2254 relief,[1] the petitioner asks the court to release him because the combination of his time served and the

---

[1] The motions are very similar; there are only minor differences between the two.

multiplicity and duplicity issues with his case demonstrate that he deserves special treatment. Dkt. No. 21 at 2; Dkt. No. 22 at 2. The court disagrees.

"There is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases, but a power to be exercised very sparingly." Cherek v. U.S., 767 F.2d 335, 337 (7th Cir. 1985); see Kramer v. Jenkins, 800 F.2d 708, 709 (7th Cir. 1986) (interpreting Cherek to allow federal district judges to admit bail to both state and federal petitioners); see also Bolante v. Keisler, 506 F.3d 618, 620 (7th Cir. 2007) ("Inherent judicial authority to grant bail to persons who have asked for relief in an application for habeas corpus is a natural incident of habeas corpus … A judge ought to be able to decide whether the petitioner should be allowed to go free while his claim to freedom is being adjudicated.").

> A defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

Id.

Thus, courts should consider the requirements of the federal statute that governs bail pending appeal for a federal conviction (18 U.S.C. §3143(b)) as a preliminary barrier to addressing the merits of a motion for release. Id. at 337-38 ("a defendant who cannot bring himself within its terms is not entitled to

9

bail pending . . . decision of his postconviction motion."). Under 18 U.S.C. §3141(b), the court may allow release pending appeal only if it finds (A) "by clear and convincing evidence that the person is not likely to flee or pose a danger" the community; and (B) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" a favorable determination.

Release pending §2254 relief is not appropriate in this case. First, the petitioner has not provided any evidence that he is not likely to flee or pose a danger to the community if released. Second, even if the petitioner could assure the court of those things, the threshold for *habeas* relief is high. See 28 U.S.C. §2254(d). The petitioner's thin recitation of his claims and his citations of case law do not give the court confidence that he will be able to meet this high burden and obtain relief. The court will deny the motions.

### E.    CONCLUSION

The court **GRANTS** the petitioner's motion to amend the petition. Dkt. No. 15.

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion to appoint counsel. Dkt. No. 16.

The court **GRANTS** the respondent's motion to clarify. Dkt. No. 17.

The court **DENIES** the petitioner's motions for release pending §2254 relief. Dkt. Nos. 21, 22.

The court **DIRECTS** the Clerk of Court to docket the petitioner's amended petition, dkt. no. 15-1, as the operative petition.

The court **ORDERS** that within **thirty (30)** days of the date of this order, the respondent shall file an **AMENDED ANSWER** to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for supplementing their briefs on the merits of the petitioner's claims:

(1) the petitioner has **forty-five (45) days** after the respondent files his answer to file a supplement to his brief in support of his petition (if he chooses to do so);

(2) the respondent has **forty-five (45) days** after the petitioner files his supplement to his initial brief to file the respondent's supplement to its brief in opposition (if the respondent thinks it necessary); and

(3) the petitioner has **thirty (30) days** after the respondent files his supplement to his opposition brief to file a supplemental reply brief, if the petitioner chooses to file such a brief.

The parties **shall not** repeat arguments they made regarding the claims in the initial petition. The supplemental filings **shall** address only those new issues the petitioner raised in the amended petition.

If, instead of filing an answer to the amended petition, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within **forty-five (45) days** of the date the respondent files the motion. If the respondent chooses to file a reply brief, he

11

must do so within **thirty (30) days** of the date the petitioner files the opposition brief.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed **thirty (30)** pages, and reply briefs may not exceed **fifteen (15)** pages, not counting any statements of facts, exhibits and affidavits.

Under the Memorandum of Understanding between the Attorney General and this court, the Attorney General for the State of Wisconsin and Brian Foster, Warden of the Waupun Correctional Institution will receive copies of the petition and this order electronically.

Dated in Milwaukee, Wisconsin this 22nd day of May, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge