UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ENNIS LEE BROWN,

        Petitioner,

v.                                          Case No. 16-cv-1497-pp

BRIAN FOSTER,

        Respondent.

---

**ORDER DENYING PETITIONER'S MOTION FOR RECUSAL (DKT. NO. 30), DENYING PETITIONER'S MOTIONS FOR RELEASE PENDING 28 U.S.C. §2254 RELIEF (DKT. NOS. 40, 43, 45, 57), DENYING MOTION FOR EVIDENTIARY HEARING (DKT. NO. 31), DENYING MOTION TO ENLARGE THE RECORD (DKT. NO 32) AND DENYING MOTION FOR SUMMARY JUDGMENT (DKT. NO. 33)**

---

Among the pending motions in this case are five motions in which the petitioner argues issues the court already has decided. These motions include a motion for recusal, dkt. no. 30, and four motions for release pending 28 U.S.C. §2254 relief, dkt. nos. 40, 43, 45, 57. The court will deny the petitioner's renewed motions, and will also deny without prejudice the petitioner's motions for an evidentiary hearing, dkt. no. 31, to enlarge the record, dkt. no. 32, and for summary judgment, dkt. no. 33, because they are premature.

**I.    Background**

On November 8, 2016, the petitioner filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. He alleged that the State of Wisconsin convicted and sentenced him in violation of the Fourth and Sixth

1

Amendments. Id. at 8, 12. At the same time, the petitioner filed a motion for leave to proceed in the district court without prepaying the filing fee. Dkt. No. 4. After the court denied the motion to proceed without prepaying the fee on November 28, 2016, the petitioner filed a "motion for substitution[,]" in which he asked Judge Pepper to recuse herself from presiding over the case. Dkt. No. 7. Because there is no procedure for "substituting" a judge in the federal court system, the court construed the petitioner's motion as a motion to recuse under 28 U.S.C. §455, and denied that motion in its December 6, 2016 order. Dkt. No. 8.

A month later, on January 9, 2017, the court screened the *habeas* petition and ordered the respondent to file an answer within sixty days. Dkt. No. 9. After the respondent answered on March 9, 2017, dkt. no. 19, the petitioner filed several motions: a motion to amend his petition, dkt. no. 15; a motion to appoint counsel, dkt. no. 16; and two motions asking the court to release him from custody pending its ruling on his *habeas* petition, dkt. nos. 21, 22.

The court addressed these motions in a May 23, 2017 order—it allowed the petitioner to file an amended complaint, but noted that while the petitioner claimed to be adding five new grounds to the amended petition, "the court can only find two new claims: an Eighth Amendment double jeopardy claim, dkt. no. 15-1 at 40, and a Fourteenth Amendment insufficient evidence claim, id. at 46." Dkt. No. 25 at 2. The court opined that the other "grounds" in the amended petition augmented the petitioner's existing claims, but did not assert

stand-alone grounds for *habeas* relief. Id. The court then granted the petitioner's motion to amend the petition. Id. at 5.

The court also analyzed the petitioner's motions for release pending §2254 relief, and denied them, because the petitioner's "thin recitation" of his claims did not give the court confidence that he would be able to meet the high threshold for 28 U.S.C. §2254 relief. Dkt. No. 25 at 10.

Two weeks later, on June 5, 2017, the petitioner filed a motion for recusal. Dkt. No. 30. On June 27, July 17, July 26, and September 26 of 2017, the petitioner filed four motions for release pending §2254 relief. Dkt Nos. 40, 43, 45, 57. The petitioner also has filed a motion for an evidentiary hearing, dkt. no. 31, a motion to enlarge the record, dkt. no. 32, and a motion for summary judgment, dkt. no. 33.

## II. Analysis

### A. Motions for Reconsideration of Earlier Orders

The court already has ruled on the issues that the petitioner raises in his motions for recusal and for release pending §2254 relief. See Dkt. Nos. 8, 25. Thus, the court considers his renewed motions on these subjects to be requests for the court to reconsider its previous decisions.

#### 1. *Standard Governing Motions for Reconsideration*

"Although motions to reconsider are not specifically authorized by the Federal Rules of Civil Procedure, courts in the Seventh Circuit apply Rule 59(e) or Rule 60(b) standards to these motions." Washington Frontier League Baseball, LLC v. Zimmerman, No. 14-cv-1862-TWP-DML, 2016 WL 4798988, at

*1 (S.D. Ind. Sept. 14, 2016). Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment." Rule 60(b) allows a court to relieve a party of its obligations under a judgment, order or proceeding for five enumerated reasons as well as for "any other reason that justifies relief;" under Rule 60(c), a party may file a Rule 60(b) motion within a reasonable time, as long as it is no more than a year after entry of the judgment or order.

The petitioner filed his most recent motion to recuse five months and twenty days after the court denied the first motion—too late for the court to consider it under Rule 59(e). He filed the first of his three motions for release thirty-five days after the court denied the original motion—again, too late for the court to consider it under Rule 59(e). Accordingly, the court will review the petitioner's motions under Rule 60(b).

"The district court may grant Rule 60(b) relief only 'under the particular circumstances listed in the text of that rule.'" 3SM Realty & Development, Inc. v. F.D.I.C., 393 F.App'x 381, 384 (7th Cir. 2010) (quoting Russell v. Delco Remy Div. of General Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995)). Rule 60(b) provides that

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

4

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) motions are not meant to correct legal errors made by the district court[,]" and are "'an extraordinary remedy'" that are "'granted only in exceptional circumstances[.]'" 3SM Realty & Development, 393 F.App'x at 384 (quoting McCormick v. City of Chicago, 230 F.3d 319, 327 (7th Cir. 2000)).

> 2. *Motion for Recusal (Dkt. No. 30)*
>
> a. Petitioner's arguments

The petitioner asks "that District Judge Pamela Pepper recuse [sic] from all casing [sic] in which Ennis Brown is the Plaintiff, Petitioner, or Appellant or a decision rendered by her." Dkt. No. 30 at 1. He asserts that Judge Pepper is biased against him, id., and that her May 23, 2017 order "placed constraints mainly on the petitioner, denying him the opportunity to address the [various arguments for *habeas* relief]," id. at 3. He asserts that he has another case in front of Judge Pepper, Brown v. Garth-Dickens, 16-cv-241, and argues that because Judge Pepper granted the respondent's motion to stay that case, he

5

has not been able to proceed to discovery.[1] Id. at 3. He argues that Judge Pepper "has continually misconstrued or constructively deprived the petitioner of meaningful access to the courts of the Eastern District of Wisconsin in making decision [sic] contrary to established laws and gerrymandering the facts in favor of the defendants." Id. The petitioner further contends that Judge Pepper abused her discretion by not appointing counsel for him and that her unfavorable decisions in other cases show that she harbors bias against the petitioner. Id. at 4.

Finally, the petitioner asserts that the court's May 23, 2017 order restricted his claims, and that by "refusing to allow other cases to proceed[,]" by declining to appoint counsel, and by denying his motions for release pending 28 U.S.C. §2254 relief, Judge Pepper has demonstrated bias and must recuse herself. Id. at 5.

      b.    Court's Analysis

On December 6, 2016, the court issued an order denying the petitioner's motion to substitute counsel, which it construed as a motion for recusal under 28 U.S.C. §455. Dkt. No. 8. In that order, Judge Pepper surveyed the petitioner's arguments, and found that they did not warrant a recusal. Id. at 3.

The December 6, 2016 order noted that "[t]he fact that a judge rules against a party on a legal issue [was] not one of [the §455 factors that require a

---

[1] In Brown v. Garth-Dickens, 16-cv-241, the defendants filed a motion to dismiss the case because they allege that the petitioner failed to exhaust his remedies before filing in federal court. The court stayed general discovery until it could resolve that issue. The issue has been fully briefed; congestion on the court's docket has prevented the court from ruling.

6

judge to recuse herself.]" Dkt. No. 8 at 3. The court also explained to the petitioner the reason that Judge Pepper had been assigned to all of the petitioner's cases, and held that "[t]he fact that all five of the plaintiff's current cases are before the same judge is not a reason for Judge Pepper to recuse herself." Id. The court observed that "[i]n almost any case, a judge will have to rule for one party and against another. That's just what judges do. Thus, neither the statute nor the case law authorizes a judge to recuse herself solely because she ruled against the moving party." Id. at 3-4.

The petitioner has not shown that the court's December 6, 2016 order was the result of mistake, inadvertence, surprise or excusable neglect. He has not presented any newly-discovered evidence; the only circumstance that has changed since Judge Pepper initially declined to recuse herself is that Judge Pepper issued an order denying the petitioner's motion to appoint counsel and the petitioner's motions for release pending §2254 relief. The petitioner has not shown fraud, misrepresentations or misconduct by other parties, nor has he demonstrated that the court's earlier order declining to recuse is void or has been released or discharged. The only possible Rule 60(b) factor under which the court might reconsider its earlier denial of recusal is the "any other reason that justifies relief" catch-all provision, and no such reason exists here.

As the court pointed out in the December 6, 2016 order, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . Almost invariably, they are proper grounds for appeal, not for recusal." Liteky v. United States, 510 U.S. 540, 555 (1994). The fact that the court has ruled

7

against the petitioner—in this case or in others—is not, standing alone, a basis for the court to reconsider its earlier decision under Rule 60(b).

To the extent that the petitioner argues that 28 U.S.C. §144 provides a basis for the court to reconsider its earlier order, the petitioner has neither followed the directions of that statute nor made the necessary showing. 28 U.S.C. §144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. §144.

"Under §144, recusal is mandatory if the moving papers are sufficient. That makes the statute a powerful tool that could easily be abused, so its requirements are enforced strictly." United States v. Betts-Gatson, 860 F.3d 525, 537 (7th Cir. 2017) (internal citations omitted).

The affidavit the court received from the petitioner on June 9, 2017 does not state any reason to believe that bias or prejudice exists, other than describing the times Judge Pepper has ruled against the petitioner, and describing the problems he alleges with his state court proceedings. The court has stated several times that under the law, the mere fact that a court rules

against a party does not prove bias. Nor does the fact that the court has not yet ruled on motions pending in the petitioner's other cases. The court acknowledges that it has taken some time for the court to get to some of the petitioner's motions; that is the court's fault. It is not bias, however—the court owes decisions to many parties, and is not as current in many cases as it wishes to be. Nor did the petitioner meet the §144 requirement that he certify that he was making the affidavit in good faith.

While the court understands that the petitioner disagrees with rulings and decisions that this court has made in this and other cases, "it is appropriate for judges to have opinions, even strong opinions, about the merits of arguments presented to them. That is their job. Such opinions do not show personal bias unless they 'display clear inability to render fair judgment.'" Betts-Gatson, 860 F.3d at 538 (quoting Liteky, 510 U.S. at 551). The petitioner's allegations that Judge Pepper unfairly constricted the grounds of the petitioner's amended *habeas* petition fall far short of that high standard. The petitioner has not provided the court with any reason to reconsider its order declining to recuse itself, and the court will not do so.

   3. *Motions for Release Pending §2254 relief (Dkt. Nos. 40, 43, 45 and 57)*

    a. Petitioner's Arguments

In the petitioner's first motion to reconsider the court's denial of release pending ruling on the *habeas* petition, he recounts the merits of his claim for *habeas* relief under 28 U.S.C. §2254. Dkt. No. 40 at 1-3. He explains that he has been in custody illegally for some five years, and that during that time he

9

hasn't committed any new crimes or violated any orders. Id. at 3. He explains how it hurts to be away from his family, and how he does not wish anyone any harm. He explains how hard this has been on his elderly mother. He says that he has no plans of running and nowhere to go if he did. Id.

The petitioner's second motion to reconsider stresses that the state court did not have subject matter jurisdiction over him, and argues that he is in state custody on a "null and void" state conviction. Dkt. No. 43 at 1. He says that at his August 9, 2013 preliminary hearing, the government dismissed Counts One through Nine of the state criminal complaint because the victim/witness, Anissa Brown, did not appear for the preliminary hearing. Id. at 2. At this point, the petitioner contends, the state court lost its subject matter jurisdiction over him. Id. He argues that the court's lack of jurisdiction rendered its decision on his speedy trial rights "outrageous" and that "law and justice" require that he be released pending this court's *habeas* ruling. Id. at 3-4.

The petitioner's third motion to reconsider contains the same arguments as the second one. Dkt. No. 45. The fourth motion to reconsider repeats the petitioner's previous arguments about the state court's lack of subject matter jurisdiction, and concludes that "[t]he complete denial of due process in this case clearly shows and is well-documented in the record and evidence presented, the imprisonment for 14 months stripped Brown of Due Process." Dkt. No. 57 at 2. The petitioner mentions the court's May 23, 2017 order denying his earlier request for release, id. at 4, but does not identify any errors

in that ruling. Rather, he repeats language from that decision to assert that he has met the criteria for bail under 18 U.S.C. §3141 and that he should be released during the pendency of his 28 U.S.C. §2254 petition. Id.

        b.      Court's Analysis

The court's May 23, 2017 order noted that while courts had the power to admit applicants to bail pending decision in a *habeas* case, the law required them to exercise that power very sparingly. Dkt. No. 25 at 9 (citing Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985)). In discussing Cherek, Judge Pepper observed that "courts should consider the requirements of the federal statute that governs bail pending appear for a federal conviction (18 U.S.C. §3143(b)) as a preliminary barrier to addressing the merits of a motion for release." Id. Judge Pepper did consider those requirements, and concluded that (a) the petitioner had not provided evidence that he was not likely to flee or to pose a danger to the community; and that (b) his "thin recitation" of his claims did not give the court confidence that he would be able to meet the high threshold necessary to obtain *habeas* relief. Id.

Again, the petitioner has not demonstrated that the May 23, 2017 order denying release pending decision on the *habeas* petition was the result of mistake, inadvertence, surprise or excusable neglect. He has tried to address the court's contention that he did not present any evidence regarding whether he represented a risk of flight or a danger to the community. He asserts that he doesn't plan to harm anyone, doesn't plan to go anywhere, and wouldn't have anywhere to go even if he did have such plans. The court appreciates the

11

petitioner's representations, but they are not evidence. At the bail stage of a case, defendants present things such as evidence that they have a job waiting for them (maybe a letter from a future employer), or evidence that they have a family member willing to take them in upon release, to support claims that they do not pose a risk of flight. With regard to risk of danger to the community, defendants argue that they have no prior criminal history, or that their prior criminal history did not involve violence. The petitioner has not presented any such evidence to support the motion to reconsider.

Again, the petitioner has not shown fraud, misrepresentations or misconduct by other parties, nor has he demonstrated that the court's earlier order declining to release him pending its decision is void or has been released or discharged. The only possible Rule 60(b) factor under which the court might reconsider its earlier denial of recusal is the "any other reason that justifies relief" catch-all provision, and no such reason exists here.

The court understands that the petitioner strongly believes that he is entitled to *habeas* relief. Most all petitioners who file §2254 motions feel just as strongly. But even the few petitioners who prevail on *habeas* relief have difficulty convincing federal courts to release them while the state decides whether to retry them. At this stage, the court has no basis for concluding that it should change its decision regarding release pending its *habeas* decision.

B.  Motion for an Evidentiary Hearing (Dkt. No. 31)

The respondent filed his response to the *habeas* petition on March 9, 2017. Dkt. No. 19. He filed his brief in opposition on May 19, 2017. Dkt. No.

24. The petitioner filed a reply on April 6, 2017, dkt. no. 23, another reply on June 1, 2017, dkt. no. 27, and another on June 9, 2017, dkt. no. 35. He also has filed a supplemental brief, dkt. no. 41, and a supplement, dkt. no. 47. The *habeas* petition is more than fully briefed. The court has not ruled on the petition, and this has caused the petitioner frustration. He has expressed that frustration in numerous filings, including a request for the status of the petition (which the court received on January 24, 2018). Dkt. No. 58.

The court will review, and rule on, the petition. In the meantime, however, the petitioner has filed a motion, asking the court to hold an evidentiary hearing regarding some of the arguments the respondent has made in his various pleadings. Dkt. No. 31. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts says that if a court does not dismiss a *habeas* petition, it must review all of the materials submitted and determine whether it believes that there's a need for an evidentiary hearing. Further, in cases where a petition did not fully develop the factual basis of his claim in state court, the federal court "shall not hold an evidentiary hearing on the claim" unless (a) the claim relies on a new rule of constitutional law that wasn't available at the time of the state court proceedings, or on facts that could not previously have been discovered even through diligent effort, and (b) the facts supporting the claim would show by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty. 28 U.S.C. §2254(e)(2). This is a heavy burden to meet.

The court will deny this motion without prejudice as premature. When the court has the opportunity to thoroughly review all of the pleadings, it will decide whether an evidentiary hearing is warranted under the rules and the statute. If the court determines that an evidentiary hearing is needed, it will schedule one.

C. Motion to Expand the Record (Dkt. No. 32)

The petitioner has filed a motion, asking the court to enlarge the record with a number of documents that do not appear to have been part of the state-court record. Dkt. No. 32. These documents include records regarding how much time his lawyers spent working on his case, copies of jail records, records from the Office of Lawyer Regulation regarding the suspension of one of his lawyers, recordings of state-court hearings, and a "Justice 2000" case file[2]. Id.

The court will deny this motion without prejudice. The court's job in considering a *habeas* petition is to determine whether, based on the record before the state court, the state court violated any of the petitioner's constitutional rights. It is unusual for a federal court to consider things that were not available to the state court, either at the trial stage, or on appeal or post-conviction review. It is true that if a court does not deny a *habeas* petition, it has the discretion to direct the parties to submit additional materials. Rule 7, Rules Governing Section 2254 Cases in the United States District Courts. But in this case, the court has not decided whether or not to deny the petition. If

---

[2] Justice 2000 was a community advocate group; in 2009 it merged into another organization, called Community Advocates. http://communityadvocates.net/j2k/

the court does not deny the petition, and feels that it needs additional materials, it will ask for them.

In addition, it does not appear that the petitioner *has* all of these documents. He appears to be asking someone to obtain them for him, and then to add them to the record. Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts says that a party must seek leave of court in order to conduct discovery in a *habeas* case. The party seeking such leave must state good cause for the request. The petitioner has not sought such leave, and the court has not granted it. The court would not grant such a motion unless and until it had determined that it was not going to deny the petition.

> D. <u>Motion for Summary Judgment (Dkt. No. 33)</u>

On June 9, 2017, the court received from the petitioner a motion for summary judgment. Dkt. No. 33. Rule 56 of the Federal Rules of Civil Procedure allows a party in a civil case to file a motion, asserting that there are no factual disputes between the parties and that, under the undisputed facts, the movant is entitled to judgment as a matter of law. Summary judgment is available in civil lawsuits, to allow a court to grant judgment when there are no factual disputes to be decided at a trial, and the only decision to be made is a legal one.

Rule 12 of the Rules Governing Section 2254 Cases in United States District Courts says that the Federal Rules of Civil Procedure are applicable in *habeas* cases "to the extent that they are not inconsistent with any statutory

provisions or these rules . . . ." Federal *habeas* law mandates that "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. §2254(e)(1). So in a *habeas* case—unlike a regular civil lawsuit—the federal judge starts with the presumption that the state court's factual determinations were correct, which means that it doesn't need to determine whether there are any genuine disputes as to issues of material fact. A petitioner may try to rebut that presumption of correctness, but the standard is difficult. A petitioner may rebut the presumption only by presenting clear and convincing evidence that the state judge's factual determination was not correct.

Here, the summary judgment motion raises the same issues the petitioner has raised in the many pleadings he has filed in relation to the *habeas* petition. The court will deny the summary judgment motion without prejudice, and will allow the petitioner to renew the motion if, in its review of the petition briefs, the court concludes that a summary judgment motion is warranted.

## III. Conclusion

As the court has indicated, the *habeas* petition is fully briefed. The next step in this case is for the court to issue its decision. The court knows that the petitioner is anxious for a decision, and will try to get a decision out soon. But there is nothing more for the petitioner (or the respondent) to do, or to file, at this time.

The court **DENIES** the petitioner's motion for recusal, which the court construes as a motion to reconsider its order of December 6, 2016. Dkt. No. 30.

The court **DENIES** the petitioner's motions for release pending 28 U.S.C. §2254 relief, which the court construes as motions to reconsider its order of May 23, 2017. Dkt. Nos. 40, 43, 45, 57.

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion for an evidentiary hearing. Dkt. No. 31.

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion to enlarge the record. Dkt. No. 32.

The court **DENIES** the petitioner's motion for summary judgment. Dkt. No. 33.

Dated in Milwaukee, Wisconsin this 27th day of February, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER
United States District Judge**