UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ENNIS LEE BROWN,

    Petitioner,

v.                                          Case No. 16-cv-1497-pp

BRIAN FOSTER,

    Respondent.

**ORDER DISMISSING MIXED PETITION**

I.    **BACKGROUND**

Representing himself, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 in the fall of 2016. Dkt. No. 1. The court screened the petition, dkt. no. 9, allowed the petitioner to amend his petition, dkt. no. 25, and issued a lengthy decision on several of the petitioner's motions, dkt. no. 59. On February 19, 2019, after full briefing on the petition, the court issued an order. Dkt. No. 77.

The order explained to the petitioner that he had presented the court with a "mixed" petition—one containing both exhausted and unexhausted claims. Dkt. No. 77 at 15. The court told the peititoner that the law did not allow it to decide mixed petitions for *habeas corpus*. Id. (citing Rhines v. Weber, 544 U.S. 269, 273 (2005)). It informed the petitioner that the court could either dismiss his entire petition without prejudice, stay the case while he returned to state court to exhaust his unexhausted claims or—with the petitioner's

1

permission—proceed on the exhausted claims after dismissing the unexhausted claims. Id. at 15-17. The court observed that if the petitioner wanted the court to stay the petition, he needed to show good cause for why he had failed to exhaust four of his five claims in state court. Id. at 17.

The order noted that the petitioner seemed to believe he had "good cause" for not presenting all his claims to the Wisconsin Supreme Court; he had argued that his appellate counsel had provided him with ineffective assistance of counsel on appeal. Id. at 18. "While he doesn't say it, [the petitioner] implies that [his appellate lawyer] did not raise all the issues the petitioner wanted him to raise, and that [the appellate lawyer] provided ineffective assistance with the issues he *did* raise." Id. at 18 (emphasis in original).

The court informed the petitioner that "'a claim of ineffectiveness must itself have been fairly presented to the state courts before it can establish cause for a procedural default of another claim.'" Id. (quoting Lewis v. Sternes, 390 F.3d 1019, 1026 (7th Cir. 2004)). It told the petitioner that Wisconsin had a procedure for challenging the effectiveness of appellate counsel, through a petition under State v. Knight, 168 Wis.2d 509 (Wis. 1992) and explained that a defendant could file a Knight petition at any time. Id. at 19. The court indicated that it couldn't tell whether the petitioner had filed a Knight petition in the Wisconsin court of appeals, stating

> [p]erhaps the petitioner has filed a Knight petition in state court, and this court somehow missed it. Perhaps he has chosen not to file a Knight petition for some reason; that would be his right. Perhaps he would like the opportunity to file a Knight petition, and

2

wants this court to delay its ruling until he can do that. Before the court dismisses the petition for procedural default, as the respondent has asked it to do, the court will give the petitioner the opportunity to provide the court with proof that he has filed a Knight petition or tell the court that he has chosen not to do so. If the petitioner has filed a Knight petition and the state courts have ruled on it, he should provide this court with copies of the state court's decisions. If he has not filed a Knight petition but wants to do so, he should file that petition by the deadline the court sets below. If the petitioner notifies the court that he has chosen not to file a Knight petition, the court will issue its ruling dismissing the petition on the ground of procedural default.

Id. at 20.

## II. ANALYSIS

On March 4, 2019, the petitioner filed a response to the court's order. Dkt. No. 80. He tells this court that he "had given the 'highest' state court the opportunity to hear his claims." Id. at 1. The petitioner claims that around August of 2015, he tried to file his case with the Wisconsin Supreme Court, which, he says, sent the case to the Wisconsin Court of Appeals in Case No. 2015-AP-2114W. Id. The petitioner says that he was indigent and could not afford to pay the $195 filing fee to proceed in the appellate court. Id. He says that he "attempted to apply for indigent status" but that the Court of Appeals dismissed the case. Id. The petitioner attached to his response an October 21, 2015 letter from the Wisconsin Supreme Court titled "Acknowledgement of Filing of Writ/Petition." Dkt. No. 80-1 at 1. He also attached an October 21, 2015 order from the Wisconsin Supreme Court stating that it had not received a filing fee for the petition. Dkt. No. 80-1 at 2. That order told the petitioner that unless he could show good cause for waiving the $195 filing fee, the court

3

would dismiss his petition. Id. Both the letter and the order bear case number 2015-AP-2114W.

Having provided the court with these documents, the petitioner says, "I would like to proceed and await your decision on my Writ of Habeas Corpus, 28 U.S.C. §2254." Id. Later, the petitioner reiterates that "he will not [] have plans to return to the State of Wisconsin Court System, at this stage." Id. at 3.

The court examined the public record for the appellate court case. See Ennis Lee Brown v. William Pollard, Case No. 2015AL002114-W, available at: https://wscca.wicourts.gov/index.xsl (last visited May 9, 2019). The "case history" tab reveals that the petitioner filed a "Petition for Writ of Habeas Corpus" on October 21, 2015 and that the Supreme Court sent the petitioner forms that he could complete to demonstrate his indigency. Id. According to the record, the petitioner did not return those forms (at least, the docket doesn't show that the Court received them), so on December 14, 2015, the Wisconsin Supreme Court issued a miscellaneous order dismissing the case. Id. The court has no idea whether this "Petition for Writ of Habeas Corpus" was a Knight petition or some other petition. It doesn't matter, however; even though this court has given him a chance to do so, the petitioner has not explained to this court what issues he raised in the petition to the Wisconsin Supreme Court raised. Nor has he explained why he did not send in the paperwork to prove that he was indigent, so that the Supreme Court could consider whether to waive the $195 filing fee. The petitioner has demonstrated only that he filed something titled "Petition for Writ of Habeas Corpus" in the Wisconsin Supreme

4

Court on October 21, 2015 and that the court dismissed that petition two months later for failing to pay the filing fee. Id.

The court concludes that the petitioner never has filed a petition under State v. Knight, and thus never has given a state court the opportunity to review his argument that his appellate counsel was ineffective. The petitioner has informed this court that he does not intend to return to the state court, which means he does not intend to give the state court an opportunity to review his ineffective-assistance-of-appellate-counsel argument. Because the petitioner isn't trying to exhaust that unexhausted claim, he cannot show good cause for the court to stay the mixed petition until he exhausts that claim. The petitioner has not asked the court to dismiss his unexhausted claim and proceed on his exhausted claim. He has said only that he "would like to proceed and await [the court's] decision on my Writ of Habeas Corpus 28 U.S.C. 2254." Dkt. No. 80 at 1. Because the Seventh Circuit has prohibited district courts from ruling on mixed petitions, the court has only one option: to dismiss the mixed petition. Several of the petitioner's grounds for relief contain claims that are procedurally defaulted due to his failure to present them to the highest State court, and the court warned the petitioner that if he chose not to file a Knight petition, it would dismiss the petition on the ground of procedural default. See Dkt. No. 77 at 20 ("If the petitioner notifies the court that he has chosen not to file a Knight petition, the court will issue its ruling dismissing the petition on the ground of procedural default.") That is what the court will do.

Court on October 21, 2015 and that the court dismissed that petition two months later for failing to pay the filing fee. Id.

The court concludes that the petitioner never has filed a petition under State v. Knight, and thus never has given a state court the opportunity to review his argument that his appellate counsel was ineffective. The petitioner has informed this court that he does not intend to return to the state court, which means he does not intend to give the state court an opportunity to review his ineffective-assistance-of-appellate-counsel argument. Because the petitioner isn't trying to exhaust that unexhausted claim, he cannot show good cause for the court to stay the mixed petition until he exhausts that claim. The petitioner has not asked the court to dismiss his unexhausted claim and proceed on his exhausted claim. He has said only that he "would like to proceed and await [the court's] decision on my Writ of Habeas Corpus 28 U.S.C. 2254." Dkt. No. 80 at 1. Because the Seventh Circuit has prohibited district courts from ruling on mixed petitions, the court has only one option: to dismiss the mixed petition. Several of the petitioner's grounds for relief contain claims that are procedurally defaulted due to his failure to present them to the highest State court, and the court warned the petitioner that if he chose not to file a Knight petition, it would dismiss the petition on the ground of procedural default. See Dkt. No. 77 at 20 ("If the petitioner notifies the court that he has chosen not to file a Knight petition, the court will issue its ruling dismissing the petition on the ground of procedural default.") That is what the court will do.

## II. CONCLUSION

The court **ORDERS** that the petitioner's mixed petition for writ of *habeas corpus* is **DISMISSED WITHOUT PREJUDICE**.

Dated in Milwaukee, Wisconsin this 28th day of May, 2019.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**