UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ENNIS LEE BROWN,

    Petitioner,

v.

    Case No. 16-cv-1497-pp

BRIAN FOSTER,

    Respondent.

**ORDER DENYING PETITION TO RE-OPEN CASE (DKT. NO. 101)**

On May 28, 2019, the court dismissed the petitioner's 28 U.S.C. §2254 *habeas* petition without prejudice. Dkt. No. 82. As the court explained, "[t]he petitioner ha[d] informed this court that he [did] not intend to return to state court" and exhaust his mixed petition, and "the Seventh Circuit has prohibited the district courts from ruling on mixed petitions." Id. at 5. The court concluded that dismissal was the only option. Id. Three weeks later, the petitioner filed a motion for reconsideration under Federal Rule of Civil Procedure 59, asserting that the court committed a manifest error of law in dismissing the petition. Dkt. No. 85. On November 1, 2019, the court denied the motion because the petitioner had not demonstrated that the decision constituted the wholesale disregard, misapplication or failure to recognize controlling precedent. Dkt. No. 91.

On November 4, 2019, the petitioner filed a notice of appeal, appealing this court's orders dismissing the petition and denying the motion for reconsideration. Dkt. No. 92. On August 18, 2020, the Seventh Circuit Court of

1

Appeals construed the petitioner's notice of appeal as an application for a certificate of appealability. Dkt. No. 99. Finding no substantial showing of the denial of a constitutional right, the appellate court denied the petitioner's requests for a certificate of appealability and appointment of counsel. Dkt. No. 99. A month later, the mandate issued. Dkt. No. 100.

Seven months later, on April 30, 2021, the court received from the petitioner a document titled "Petition to re-open case," asking the Clerk of Court for "an extention of the Statutory time to file for review under Fedral Rule of Civil Proceudre 60." Dkt. No. 101. The petitioner stated,

> As the case was ruled upon on November 1, 2019, with a 5 month g[ra]ce period before the expiration of the ADEPA 15 month period. It is now April 29, 2021, and the clock has not tolled to prevent the Chief Judge from reviewing her earlier decision to dismiss the Petition as a MIXEd Petition. It has now been 18 months since her ruling. The ADEPA al[l]ows 15 months and after her decision I had 4 months remaining as I sought rel[ie]f in the state court for the unexhausted claims. See Bro[]wn v. Bo[u]ghton 2020-AP-220-w Wisconsin Court of Appeals/Supr[eme]Court. I then presented the remaining claims that were ruled mixed to the High Court of Wi[]sconsin and was rendered a decision on September of 2020. AS such, the clock had not expired after the High Court of Wi[s]consin's ruling, and there was still four Months remaining on Sept[e]mber 2020.
>
> In March of 2020 the United STates High Court issued an order that would allow the Petitioner's seeking Certio[r]ari to have 5 mont[hs] to do so. Se[e] attached exhibit # 500 adding that time to the Year under Federal Rule 60, along w[]ith the order for the Clerk to grant an exten[s]ion, I have fell inside of the time to seek relief on this issue under newly Discovered evidence and exhaustion of the claims and grounds in the original and amended petition for habeas Corpus. I ask the Clerk for an exten[s]ion under Rule 30.4 to allow me to file the new petition for relief under 2254.

Id. at 1. He asked for an extension of three weeks "as ordered by the High Court's March 19, 2020 Corona-virus relief orders." Id. at 2.

2

The petitioner also asked for relief in "the injunctive form for tran[s]fer as I await the Court's decision on the re-opening of the case." Id. at 2. He stated that he was seeking relief from "an unjust and inhumane envi[ron]ment here at [Wisconsin Secure Program Facility]." Id. The plaintiff attached to this motion an order from some unidentified court dated Thursday, March 19, 2020. Dkt. No. 101-1 at 1-2. There is no caption on the order and no signature.

While it is not clear, the court thinks perhaps the petitioner filed this motion because he believes that he now has exhausted the claims he had not exhausted at the time the court dismissed his petition in May 2019. The court thinks that the petitioner may be asking the court to reopen this case to allow him to add the now-exhausted claims, or perhaps he is asking for an extension of 28 U.S.C. §2244(d)(1)'s one-year deadline for filing an original *habeas* petition. The court will deny the motion.

The Clerk of Court does not grant extensions of deadlines—judges grant extensions of deadlines. The court does not know what deadline the petitioner is asking the court to extend—it dismissed his petition over two years ago, he appealed and the Seventh Circuit affirmed. The Antiterrorism and Effective Death Penalty Act ("AEDPA") does not contain a deadline for extending the time to reopen a dismissed case or for asking a trial court to reopen a dismissed case after the court of appeals has affirmed the dismissal. It provides that there is a one-year deadline for filing a *habeas* petition under 28 U.S.C. §2254, and that the one-year deadline begins to run from the latest of four events. AEDPA says nothing about fifteen months. There is no deadline for the court to extend.

3

If the petitioner believes that he now has exhausted some claims that he would like to bring in a §2254 petition, he may file a new petition, assuming that less than one year has elapsed since he has exhausted those claims. He should be aware, however, that courts are required to dismiss claims presented in a second or successive *habeas* petition that were presented in a prior petition, unless the petitioner can show that the new petition relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that previously was unavailable, or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and views in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense. 28 U.S.C. §2244(a), (b). A petitioner who believes that he can demonstrate these things and wants to file a second or successive petition must file a motion with the appropriate court of appeals—in this case, the Seventh Circuit—for an order authorizing the district court to consider the second or successive petition. 28 U.S.C. §2244(b)(3).

The court **DENIES** the petitioner's petition to re-open case. Dkt. No. 101.

Dated in Milwaukee, Wisconsin this 17th day of September, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**